UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | | |
|---|---|---|
| **THOMAS KAMARTZIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | Case No. 11-2222 |
| **MICHALL HAMILITON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# REPORT & RECOMMENDATION

In September 2011, Plaintiff Thomas O. Karmatzis, acting pro se, filed a Complaint (#1) with this Court related to his dispute with the Department of Veterans Affairs and Medical Center (hereinafter "the VA"). In Defendants' Answer and Affirmative Defenses (#65), Defendants indicate, as an affirmative defense, that this Court lacks subject matter jurisdiction over Plaintiff's claim. Though Defendants have not filed a motion to dismiss, this Court nevertheless recommends that this case be dismissed *sua sponte* for lack of subject matter jurisdiction.

## I. Background

In a letter dated June 23, 2010, Defendant Department of Veterans Affairs wrote Plaintiff a letter to inform him that the VA Illiana Health Care System had determined Plaintiff was ineligible for healthcare benefits. As a result, Plaintiff was no longer able to receive medical care through the Department of Veterans Affairs. (#1-1, p. 1). The letter states: "Based on review of your DD214, it has been determined that you served active duty for training purposes only and you are not eligible for VA medical care." *Id*. Plaintiff alleges that, at the time Plaintiff received this letter, he was being treated for life-threatening conditions, and that the sudden loss of his access to these benefits caused him great harm. Plaintiff emphasizes that this lawsuit is about "being cut off immediately from Medical Services that indangered [sic] the life and well being of the plaintiff." (#1, p. 4).

Plaintiff served on active duty from September 5, 1979, to November 30, 1979. (#1-1, p. 2). He alleges that he received medical benefits from the VA for fifteen years. (#1, p. 5). On March 17, 2009, Plaintiff underwent back surgery at the Indianapolis VA Medical Center. (#1-1, p. 6). Plaintiff indicates this was a spinal fusion surgery. (#1, p. 6). Plaintiff experienced significant complications after the surgery. As a result of these complications, doctors resected the right side of his colon and removed parts of his small intestine. (#1-1, p. 6). He alleges that he was hospitalized from March 16, 2009, to April 10, 2010. (#1, p. 7).

Plaintiff filed a complaint with the VA on March 31, 2010, seeking compensation for the complications of the March 17, 2009 surgery. In this complaint, Plaintiff asserted that his complications were the result of doctors' negligence. In July 2011, the VA issued a rating decision, in which the VA determined that Plaintiff's degenerative disc disease was not related to his military service. A VA examiner further determined that there was "no evidence in the record to suggest that [Plaintiff's disability] resulted from carelessness, negligence, lack of proper skill, error in judgment or similar instances on the part of the attending VA personnel . . . ." (#1-1, p. 6-7). As a result, the VA denied Plaintiff's claim for compensation.

Plaintiff's present complaint before this Court does not revisit the issue of whether Plaintiff's doctors were negligent. Rather, the thrust of Plaintiff's present complaint is that the VA terminated his healthcare benefits in response to Plaintiff's complaint and his need for treatment. (#1, p. 4) (stating Plaintiff filed a "Notice of Disagreement that deals with the [Denial] for Compensation benefits from the injurys [sic] from the surgery held in Indianapolis Indiana on 3/17/09 that the Plaintiff believes which caused for him to be thrown out of the Veterans Medical Centers.") Plaintiff alleges he was harmed due to the sudden discontinuation of Plaintiff's heathcare benefits. Specifically, Plaintiff alleges that, up until June 2010, he was still seeking frequent medical care at the VA Medical Center "until they refused to treat me any longer. I wasn't given any medications or treatment after my last visit to my primary care provider on 6-2-10. I went through major medical problems and withdrawal [that caused] more major medical problems . . . ." (#1, p. 7).

2

## II. Discussion

This issue before this Court is whether it has subject matter jurisdiction, in light of the Veterans' Judicial Review Act of 1988, 38 U.S.C. § 511 (hereinafter "VJRA").[1] The relevant section of the VJRA provides as follows:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans . . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).

This statute deprives a federal district court of the power to alter determinations made by the VA regarding disability ratings and entitlements to benefits. *Winslow v. Walters*, 815 F.2d 1114, 1116-17 (7th Cir. 1987). Where a plaintiff's actual injury arises from the VA's decision regarding benefits, the plaintiff's only option under the VJRA is to appeal the VA's decision to the Board of Veterans' Appeals. *Lewis v. Norton*, 355 Fed. Appx. 69, 70 (7th Cir. 2009).

The Seventh Circuit has further clarified:

> The VJRA establishes a framework for the adjudication of veterans' benefits claims. A veteran must first file a claim for benefits at a regional VA office that decides all questions of law and fact as they relate to the claim . . . . Veterans may appeal unfavorable benefits decisions to the Board of Veterans' Appeals . . . then to the Court of Appeals for Veterans Claims . . . then to the Federal Circuit . . . and finally to the Supreme Court . . . .

*Lewis v. Norton*, 355 Fed. Appx. 69, 70 (7th Cir. 2009) (citations to sections of the VJRA omitted). In this way, § 511(a) does not preclude judicial review of claims, but merely channels judicial review of these claims.

---

[1] Section 511 of Title 38 replaced 38 U.S.C. § 211 following enactment of the VJRA (Pub.L. No. 100-687, 102 Stat. 4105 (1988) (codified as amended in scattered sections of Title 38)).

In this case, Plaintiff's complaint potentially raises a constitutional due process issue. The Court is unable to find other cases dealing with eligibility for medical benefits highly analogous to Plaintiff's claim. However, other courts have noted that a veterans' disability benefits are a property interest protected by the procedural due process of the Fifth Amendment. *See, e.g., Nat'l Ass'n of Radiation Survivors v. Derwinski*, 994 F.2d 583, 588, n. 7 (9th Cir. 1992) ("both applicants for and recipients of [service-connected disability benefits] possess a constitutionally protected property interest in those benefits"); *see also Cushman v. Shinseki*, 576 F.3d 1290, 1298 (Fed. Cir. 2009). Additionally, the Ninth Circuit has considered a due process clause challenge based on inadequate provision of healthcare services by the VA, though the court ultimately determined it lacked subject matter jurisdiction under the VJRA. *Veterans for Common Sense v. Shinseki*, 644 F.3d 845, 870 (9th Cir. 2011) (vacated by *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012) (en banc)). Here, Plaintiff alleges that he was a recipient of statutorily mandated benefits, and that he was harmed when those benefits were taken away without adequate notice or opportunity to be heard. This is the essence of a procedural due process challenge. *See Mathews v. Eldridge*, 24 U.S. 319, 333 (1976).

As such, this court must consider whether a constitutional procedural due process challenge to Defendant's decision to terminate Plaintiff's healthcare benefits may be heard by this Court, or falls within § 511(a) of the VJRA, thus depriving this Court of subject matter jurisdiction. Courts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction. *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000) (collecting authorities). Given this restriction, a veteran may present a constitutional challenge to the facial validity of the VJRA itself in federal district court, but may not bring constitutional objections to VA benefits decisions to district court. *Larrabee v. Derwinski*, 968 F.2d 1497, 1501 (2nd Cir. 1992); *Phillips v. Dep't of Veterans Affairs*, No. 10 C 1698, 2011 WL 892330 at *2 (N.D. Ill. Mar. 9, 2011) (dismissing procedural due process claims brought by a veterans against the VA for lack of subject matter jurisdiction).

Here, Plaintiff does not present any constitutional challenge to the facial validity of any statute or regulation. Plaintiff's complaint challenges the conduct of the agency with respect to his particular case. As such, addressing Plaintiff's claim would require this Court to intrude upon the VA's exclusive jurisdiction. Thus, this Court does not have subject matter jurisdiction over Plaintiff's claim. The Court therefore recommends that Plaintiff's claim be dismissed.

### III. Summary

For these reasons, the Court recommends that Plaintiff's Complaint (#1) be dismissed due to lack of subject matter jurisdiction. Under the VJRA, Plaintiff can only bring his complaint to the Board of Veterans' Appeals.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 28th day of June, 2012.

                                          s/DAVID G. BERNTHAL
                                   UNITED STATES MAGISTRATE JUDGE